UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELENA IRIZARRY,

v.  Case No. 8:01-cr-122-T-17EAJ
    8:04-cv-1737-T-17EAJ

UNITED STATES OF AMERICA.
_____

O R D E R

This case is on remand from the United States Court of Appeals for the Eleventh Circuit. This Court previously denied the motion to vacate as time-barred. The Eleventh Circuit reversed and remanded the case in full. This order addresses the merits of Irizarry's claims in her amended motion to vacate. Doc. 31; Cr. Doc. 216.

PROCEDURAL HISTORY

In March 2001, Irizarry was charged by indictment with conspiring to possess five kilograms or more of cocaine with the intent to distribute it and possessing five kilograms or more of cocaine with the intent to distribute it. Cr. Doc. 1. Irizarry was tried by jury. Cr. Docs. 98, 013. At trial, the Government proved that Irizarry and her husband had paid $25,000 in cash and collateral consisting of a house valued at $115,000 to purchase ten kilograms of cocaine. Cr. Doc. 179 at 84, 87, 89-92, 105-07, 110-11, 113-14, 116-19, 129, 133, 135-36. The jury convicted Irizarry as charged. Cr. Doc. 158.

The district court sentenced Irizarry to serve 121 months' imprisonment, Cr. Doc. 198, and entered judgment against Irizarry on February 20, 2003, Cr. Doc. 198. Irizarry timely filed her notice of appeal. Cr. Doc. 199. On April 29, 2003, the Eleventh Circuit Court of Appeals dismissed the appeal for lack of prosecution, Cr. Doc. 201, and on May

12, 2004, and the Eleventh Circuit denied Irizarry's motion to reinstate the appeal, Cr. Doc. 206.

On July 26, 2004, Irizarry filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct her sentence. In the section 2255 motion, Irizarry asserted that her appellate counsel had been ineffective in failing to perfect her direct appeal. Doc. 1. Specifically, she maintained that she had paid (through family members) Attorney Alex R. Stravrou to prosecute her appeal and that he falsely had represented that the appeal was going forward, even after the Eleventh Circuit had dismissed it. Doc. 1. Irizarry also asserted, "Movant has at least nine (9) more claims of ineffective assistance of counsel; however, the rest of the claims will be presented after this court's ruling on movant's claim to an out of time right to appeal due to ineffective assistance of counsel, or upon court order." Doc. 1.

On July 30, 2004, the Court mistakenly determined that the Eleventh Circuit had granted Irizarry's motion to reinstate appeal, and, therefore, the Court denied her section 2255 without prejudice, deeming it to be premature. Doc. 5. Irizarry filed a notice of appeal of the order denying her section 2255 motion. Doc. 7. After correcting its mistake to show that the motion to reinstate the appeal had been denied, this Court ordered that the section 2255 proceedings would go forward if Irizarry withdrew her appeal. Doc. 12. On January 18, 2005, the Eleventh Circuit granted Irizarry's motion to withdraw her appeal. Docs. 16, 27.

On January 25, 2005, Irizarry filed a motion to reopen the section 2255 proceedings. Doc. 28. The Court deferred ruling on the motion, ordering Irizarry to file an amended

section 2255 motion and a second motion to reopen the section 2255 proceedings. Doc. 29. On May 16, 2005, Irizarry filed a second motion to reopen the section 2255 proceedings and an amended section 2255 motion. Docs. 30, 31. This Court granted the motion to reopen the section 2255 proceedings. Doc. 32.

In the amended section 2255 motion, Irizarry again raised claims that her counsel had been ineffective, asserting that Stavrou had failed to notify the Eleventh Circuit that he was not going to represent her on appeal because neither she nor her family could retain him as counsel and that Stavrou had misled her to believe that the direct appeal would remain pending until her family could retain appellate counsel. Docs. 31, 32. Irizarry also raised a new claim: that this Court had violated her right to due process of law by failing to appoint appellate counsel sua sponte. Docs. 31, 32.

In May 2005, this Court ordered the Government to show cause why it should not grant the relief Irizarry sought in her amended section 2255 motion. Doc. 33. In response, the Government did not address the merits of Irizarry's amended section 2255 but requested the Court to dismiss the motion, asserting that it was untimely because Irizarry had filed the original section 2255 motion more than one year after the Eleventh Circuit had dismissed her direct appeal. Doc. 37. The Court granted the Government's motion to dismiss. Doc. 41.

Irizarry appealed the order dismissing her section 2255 motion. Doc. 44. Upon concession by the Government that Irizarry's motion had been timely filed, see Clay v. United States, 537 U.S. 522, 525 (2003), the Eleventh Circuit remanded this matter to this Court. Doc. 50. By order dated September 26, 2006, the Court again ordered the

Government to show cause why it should not grant the relief Irizarry sought in her amended section 2255 motion. Doc. 51. Although this Court granted Irizarry's motion for an extension of time to file a reply to the response, the Court has not received the reply which was due December 15, 2006. See Doc. 57.

## FACTUAL BACKGROUND

Connie Mederos-Jacobs represented Irizarry at trial. See Cr. Doc. 11. On February 18, 2003 (the day of Irizarry's sentencing hearing), Mederos-Jacobs filed a motion to withdraw as counsel, indicating that Irizarry had chosen another attorney to represent her on appeal. Cr. Doc. 196. On February 19, 2003, the Court granted Mederos-Jacobs's motion to withdraw as counsel. Cr. Doc. 197. The Court also ordered Mederos-Jacobs to "ensure that a timely notice of appeal is filed in this cause on behalf of [Irizarry]" and indicated that "the Court [would] entertain appropriate motions for appointment of appeal counsel for the Defendant." Cr. Doc. 197. Also, on February 19, 2003, Irizarry filed her notice of appeal pro se but did not pay the filing fee. Cr. Doc. 199.[1] On March 19, 2003, the Eleventh Circuit sent Irizarry a letter regarding her desire for appointment of counsel. The letter stated "Unless you elect to proceed without counsel or are financially able to obtain counsel, the court may appoint counsel to represent you in this appeal[,]" asked, "Do you wish the court to appoint counsel to represent you in this appeal[,]" and instructed

---

[1] In its October 5, 2006, order denying Irizarry's motion for evidentiary hearing, the Court ordered the Government to submit trial counsel's affidavit with this response if trial counsel contested the allegation that counsel failed to appeal for Irizarry upon timely request. Doc. 53. Because the notice of appeal was filed timely and Irizarry admits that trial counsel "ensured that a timely pro se notice of appeal was filed," Doc. 32 at 9, the issue of failure to file a notice of appeal for Irizarry is not at issue. The Government did not file trial counsel's affidavit because the affidavit was not necessary.

Irizarry to complete an accompanying form motion to proceed in forma pauperis and financial affidavit if she wanted the Court to appoint appellate counsel for her. Exhibit 1 (letter); see Exhibit 2 (Eleventh Circuit docket sheet). Irizarry did not respond to the letter. See Exhibit 2. On April 29, 2003, the Eleventh Circuit dismissed Irizarry's appeal because she had not paid the filing fee. Cr. 201.

On January 27, 2004, Stavrou filed a motion to reinstate Irizarry's appeal. Doc. 32; Exhibit C. In the motion, Stavrou asserted that Irizarry's friends and family had been unable to retain an attorney immediately after her convictions and that, despite his insistence that Irizarry try to secure the representation of the Federal Public Defender's Office, Irizarry's family had retained him to represent her on appeal in December 2003. Id.; see Doc. 32 Exhibits A & B (letters from Stravrou to Irizarry indicating that he had not been retained until December 2003). Stavrou also advised the Eleventh Circuit that Irizarry was prepared to pay the filing fees if the appeal was reinstated and that Irizarry would be requesting to be declared indigent for purposes of appeal. The Eleventh Circuit denied the motion to reinstate Irizarry's appeal. Cr. Doc. 206.

Irizarry timely filed her original section 2255 motion. In the original and amended section 2255 motions, Irizarry claims that her appellate counsel was ineffective in perfecting her direct appeal; therefore, the claims she raises in the amended section 2255 motion relate back to her original, timely motion, and are timely. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (untimely, second 2255 motion, which was substantively identical to initial motion which had been returned for lack of verification, should have been construed as an amendment to original, timely motion). Irizarry' s claim that this Court violated her right to due process by failing to appoint appellate counsel sua

sponte is time-barred, however. Fed. R. Civ. P. 15 governs amended and supplemental pleadings in civil cases and provides that the court may grant leave to amend or supplement a pleading by leave of the court after a responsive pleading is served. Fed. R. Civ. P. 15(a). An amendment of a section 2255 motion relates back to a timely filed petition, however, only when the claim raised in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original petition, and, to be considered as arising out of the same conduct, "the untimely claim must have more in common with a timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings," which means that "the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.' " Government v. Davenport, 217 F.3d 1341, 1344-46 (11th Cir. 2000). Irizarry's due process claim did not arise from the same set of facts as her ineffective assistance of counsel claims because the ineffectiveness claims implicate Stravrou's conduct in pursuing the direct appeal and the due process claim implicates separate conduct of this Court in failing to appoint appellate counsel for Irizarry. Accordingly, Irizarry's due process claim does not relate back to the date of her timely filed section 2255 motion. Id. at 1346.

Irizarry claims that her appellate counsel was ineffective in failing to notify the Eleventh Circuit that he was not going to represent her on appeal because neither she nor her family could retain him as counsel and in misleading her to believe that the direct appeal would remain pending until her family could retain appellate counsel. Docs. 31, 32. Irizarry also claims that this Court violated her right to due process of law by failing to appoint appellate counsel sua sponte. Docs. 31, 32. Irizarry's ineffectiveness of counsel claim is cognizable in these proceedings. See Kimmelman v.Morrison, 477 U.S. 365, 383

6

(1986) ("federal courts have habeas jurisdiction" over all ineffective assistance claims and "may grant habeas relief in appropriate cases, regardless of the nature of the underlying attorney error"); Strickland v. Washington, 466 U.S. 668, 685-86 (1984) (holding Sixth Amendment guarantees criminal defendants a right to effective assistance of counsel). Her due process claim also is cognizable. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right[.]").

## DISCUSSION

Irizarry claims that Stravrou was ineffective in (1) failing to advise this Court that she needed appointed counsel because she lacked the funds to pay for private counsel and (2) leading her to believe that he would "handle" her appeal until she could retain him. Docs. 31, 32. She also claims that this Court violated her due process rights by failing to appoint appellate counsel sua sponte. These claims do not warrant relief.

### Standard for Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Irizarry must establish that her trial counsel's representation fell below an objective standard of reasonableness and demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1993). In the absence of a showing of prejudice, this Court need not address the adequacy of counsel's performance. Strickland, 466 U.S. at 697. Tafero v. Wainwright, 796 F.2d 1314, 1319 (11th Cir. 1986).

The record is devoid of any evidence that a client-attorney relationship existed between Irizarry and Stavrou while her direct appeal was pending in the Eleventh Circuit.

The record, including the letters appended to Irizarry's amended section 2225, shows that Mederos was discharged from representation in February 2003, Cr. Doc. 197; that Irizarry timely filed her notice of appeal pro se, Cr. Doc. 199; and that Irizarry did not retain Stavrou until December 2003, Doc. 32, Exhibits A and B, after the Eleventh Circuit had dismissed her appeal. There being no attorney-client relationship existing during the pendency of her direct appeal, Irizarry cannot show that Stravrou or any other attorney was obligated to perform as counsel, let alone that counsel's performance was constitutionally deficient.

Irizarry's suggestion that Stavrou was obliged to notify this Court of her need for appointed counsel should afford her no relief. Just after Irizarry filed her pro se notice of appeal, the Eleventh Circuit notified Irizarry directly that "the court may appoint counsel to represent you in this appeal." Exhibit 1. Irizarry failed to respond to the letter, see Exhibit 2, even though she had not retained any attorney to represent her at that time. Before dismissing her appeal, the Eleventh Circuit notified Irizarry that she could request appellate counsel; therefore, Irizarry did not have to rely upon Stavrou to request appellate counsel for her. Furthermore, if Stavrou had requested the Eleventh Circuit to appoint appellate counsel after that Court had dismissed her appeal, the Court most likely would have denied the motion because no appeal would have been pending.

Moreover, Irizarry has failed to show that deficiency in Stavrou's performance resulted in prejudice. Irizarry retained Stavrou in December 2003, see Exhibits A and B, and Stavrou filed a motion to reinstate Irizarry's appeal in January 2004, Exhibit 2. Thus, the delay in attempting to reinstate the appeal until December 2003 was occasioned by Irizarry's failure to retain Stavrou sooner. Irizarry has not and cannot show that the attempt to reinstate her appeal would have been successful if Stavrou had filed a motion to

reinstate her appeal earlier.

## DUE PROCESS

Irizarry claims that this Court violated her right to due process by failing to appoint appellate counsel sua sponte. Although an indigent defendant is constitutionally entitled to appointed counsel on direct appeal, see Finley, 481 U.S. at 555, a district court must have notice of the need for counsel before it is obligated to appoint counsel for appellate purposes. See Fed. R. App. P. 24 (requiring defendant who wishes to appeal in forma pauperis to file motion in district court and, upon denial of motion, to file motion in appellate court). In this case, the district court demonstrated its willingness to "entertain appropriate motions for appointment of appeal counsel for the Defendant." Cr. Doc. 197. Similarly, the Eleventh Circuit advised Irizarry that it could appoint counsel to represent her on appeal. Exhibit 1. Rather than request that either court appoint appellate counsel as Rule 24 requires, Irizarry persisted in her efforts to retain Stavrou. Stavrou, however, advised Irizarry to seek representation of the Federal Public Defender, see Doc. 32, Exhibit C, and specifically advised Irizarry that he would not represent her on appeal until he received a retainer, Doc. 32, Exhibit A.

Thus, Irizarry's inability to secure appellate counsel was of her own making; it did not result from this Court's (or the Eleventh Circuit's or Stavrou's) violation of her constitutional rights. This claim has no merit.

Accordingly, the Court orders:

That Irizarry's amended motion to vacate Doc. 31; Cr. Doc. 216 is denied.  The Clerk is directed to enter judgment against Irizarry in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 21, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Yvette Rhodes
Elena Irizarry, Pro Se